a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CORY W WALL #389949,<br>Petitioner | CIVIL DOCKET NO. 1:24-CV-00378<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MARCUS MYERS,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Cory W. Wall ("Wall"). Wall is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Wall challenges his purse snatching conviction and sentence in the 24th Judicial District Court, Jefferson Parish.

Because the Petition (ECF No. 6) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Wall was convicted of purse snatching, and he was sentenced to 25 years of imprisonment as a multiple offender. *State v. Wall*, 21-716, p. 1 (La.App. 5 Cir. 12/7/22); 362 So.3d 847, 849. The conviction was affirmed. *Id.* On January 6, 2023, Wall's application for rehearing was denied, but Wall asserts that he did not receive a copy of the denial until January 23, 2023. *See* ECF No. 6-2 at 13, 15.

On February 19, 2023, Wall submitted a request for postage to mail a writ application to the Louisiana Supreme Court. ECF No. 6-2 at 18. The writ application was postmarked February 22, 2023. *Id.* at 18-19. The Louisiana Supreme Court did not consider the writ because it was untimely filed. ECF No. 6-2 at 22. *State v. Wall*, 2023-00375, p. 1 (La. 8/2/23); 368 So.3d 64. On November 15, 2023, the Supreme Court denied reconsideration. *State v. Wall*, 2023-00375 (La. 11/15/23); 373 So.3d 69.

Wall has not yet filed an application for post-conviction review. He asks this Court to stay this proceeding while he pursues post-conviction relief.

II.  **Law and Analysis**

   A.  **Wall's Petition is subject to screening under Rule 4 of the Rules Governing § 2254 Cases.**

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

   B.  **Wall's Petition is untimely.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

After the appellate court mailed the denial of rehearing, Wall had 30 days within which to seek review in the Louisiana Supreme Court. *See* La. Sup.Ct. Rule X. Wall did not mail his writ application within that 30-day period. Wall asserts that the 30 days should run from the date he received the ruling. However, the 30-day period commences the date a ruling is mailed, not the date it is received by a prisoner. *Id.*; *Dempsey v. Cain*, 07-CV-1042, 2010 WL 1254646, at *3 (E.D. La. Mar. 24, 2010), *aff'd*, 451 F. App'x 333 (5th Cir. 2011) (the time period for filing an appeal to the Louisiana Supreme Court begins upon the mailing of the notice of judgment of the court of appeal rather than upon the prisoner's receipt of the judgment) (*citing Lookingbill v. Cockrell*, 293 F.3d 256, 262 (5th Cir. 2002); *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008)).

Accordingly, Wall had until February 6, 2023, within which to seek review in the Louisiana Supreme Court. Wall did not seek review within the allotted time, so his conviction became final when the time for seeking review expired. *See* La. C. Cr. P. art. 922.

Wall had one year, until February 6, 2024, within which to file a § 2254 Petition. *See* 28 U.S.C. § 2244(d)(1)(A). Wall's Petition was filed on March 14, 2024. ECF No. ECF No. 1. Therefore, the Petition is untimely.[1]

---

[1] Even assuming the Petition was filed the date it was signed, March 12, 2024, the Petition is still untimely. *Id.* at 6.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). Because the one-year limitations period expired prior to Wall seeking post-conviction relief, statutory tolling is inapplicable.[2]

### III. Conclusion

Because Wall's Petition is untimely, IT IS RECOMMENDED that the Petition (ECF No. 6) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability

---

[2] Although the federal limitations period is one year, the State of Louisiana affords defendants two years within which to seek post-conviction review. Therefore, Wall may still attempt to present relevant claims in the state courts. La. C. Cr. P. art. 930.8.

when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, May 28, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE